# United States Court of Appeals
## For the First Circuit

No. 15-2275

UNITED STATES OF AMERICA,

Appellee,

v.

JAYSON RENTAS-MUÑIZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Selya and Kayatta, Circuit Judges.

Maria Soledad Ramirez-Becerra and Maria Soledad-Ramirez Becerra Law Office on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

April 3, 2018

**SELYA**, **Circuit Judge**.  Defendant-appellant Jayson Rentas-Muñiz pleaded guilty to conspiring to possess with intent to distribute cocaine base (crack cocaine) and to possessing a firearm in furtherance of a drug-trafficking crime.  The district court sentenced him to a 202-month term of immurement on the drug-conspiracy charge and a sixty-month term of immurement on the firearms charge, stipulating that those prison terms would run consecutive to one another and to the undischarged portions of multiple Puerto Rico sentences that he was then serving.  Before us, the appellant primarily challenges the district court's determination to run the federal sentences consecutive to the Puerto Rico sentences previously imposed.  After careful consideration, we affirm.

## I.  BACKGROUND

Since this appeal follows a guilty plea, we draw the relevant facts from the plea agreement (the Agreement), the change-of-plea colloquy, the undisputed portions of the presentence investigation report (PSI Report), and the sentencing transcript.  See United States v. Nuñez, 852 F.3d 141, 143 (1st Cir. 2017); United States v. Dávila-González, 595 F.3d 42, 45 (1st Cir. 2010).

The appellant is no stranger to the judicial system.  Going back in time, he was convicted in Puerto Rico of attempted aggravated burglary in 2000, robbery and unlicensed use of a weapon in 2002, and conspiracy against a judicial officer in 2006.  He

continued to operate on the wrong side of the law and, by 2012, had become engaged in a conspiracy to distribute cocaine, crack cocaine, heroin, and marijuana in and around Ponce, Puerto Rico. During this phase of his criminal career, the appellant sold drugs, served as an enforcer for the drug ring, and assisted in the storage of contraband. Separately, he was involved (on November 30, 2012) in the premeditated murder of a high-school student, Juan Ruiz-Vega.

These chickens ultimately came home to roost: the appellant was charged in the Puerto Rico courts and convicted of a laundry list of crimes. He was sentenced to multiple terms of imprisonment,[1] including ninety-nine years for murder, ten years for attempted murder, thirty years for the unlawful use of firearms, and one year for the unlawful distribution and possession of controlled substances. These sentences were ordered to run consecutive to one another.

On September 4, 2013, a federal grand jury in the District of Puerto Rico charged the appellant — who was then incarcerated in consequence of his state crimes — with conspiring

---

[1] Although Puerto Rico is not a state, sentences imposed by Puerto Rico courts are treated the same as sentences imposed by state courts for most federal sentencing purposes. See United States v. Román-Díaz, 853 F.3d 591, 594 n.1 (1st Cir. 2017); United States v. Carrasco-De-Jesús, 589 F.3d 22, 24-25, 27 (1st Cir. 2009). For ease in exposition, we henceforth refer to the appellant's Puerto Rico sentences as state sentences.

to possess with intent to distribute in excess of 280 grams of cocaine base and detectable amounts of cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1) and possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (count 2). About two months later, the appellant pleaded guilty to both counts pursuant to the Agreement. As part of the Agreement, the appellant stipulated to having handled between 112 and 196 grams of crack cocaine, and both sides agreed that the appellant's drug-distribution convictions in the Puerto Rico courts should be considered overt acts with respect to the federal drug-conspiracy charge. The parties jointly recommended a sixty-month sentence on count one to run consecutive to a sixty-month mandatory minimum sentence on count two. The Agreement did not address whether the federal sentences should run consecutive to or concurrent with the state sentences.

The parties agree that the November 2014 edition of the sentencing guidelines applies in this case. Using that version of the guidelines, the PSI Report recommended that the appellant's base offense level be adjusted upward to reflect his involvement in Ruiz-Vegas's murder — an adjustment that would have yielded a guideline sentencing range of 360 to 480 months. See USSG §§2A1.1, 2D1.1(d)(1). At the disposition hearing, the district court declined to treat the Ruiz-Vega murder as relevant conduct, see

id. §1B1.3, and therefore eschewed the murder cross-reference. But since the appellant had at least two prior felony convictions for crimes of violence, the court concluded that he was a career offender, see id. §4B1.1 — a determination that resulted in a guideline range of 262 to 327 months. The court proceeded to impose a below-the-range sentence of 202 months on count one and a mandatory minimum sentence of sixty months on count two, with these sentences to run consecutive to one another and to the undischarged portions of the state sentences.

This timely appeal ensued. Although the Agreement contains a waiver-of-appeal provision, the government concedes — as it must — that this appeal falls outside the margins of that provision.

## II. ANALYSIS

The appellant does not challenge the district court's finding that he was a career offender, nor does he challenge any other aspect of the district court's calculation of his guideline sentencing range. He trains his fire instead on the district court's decision to run his federal sentences consecutive to his undischarged state sentences.

The appellant's challenge to the district court's imposition of a consecutive sentence on the firearms offense is easily dispatched. Although a sentencing court often has discretion to determine whether to run a sentence consecutively or

concurrently, see 18 U.S.C. §§ 3553(a), 3584; see also USSG §5G1.3, that is not true with respect to the appellant's firearms offense. The statute of conviction underlying that offense requires a consecutive sentence. See 18 U.S.C. § 924(c). This statutory requirement "removes the discretion to run sentences concurrently." Dean v. United States, 137 S. Ct. 1170, 1177 (2017). Accordingly, the court below had no choice but to run the term of imprisonment on the firearms count consecutive to any other term of imprisonment, whether state or federal. See United States v. Gonzales, 520 U.S. 1, 11 (1997).

This leaves the federal sentence on the drug-conspiracy charge. The appellant claims that it was procedural error for the district court to run that sentence consecutive to the undischarged state sentences. Because this claim of error was not raised below, our review is for plain error.[2] See United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015). Under this rigorous standard, the appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity,

---

[2] Based on certain statements made at the sentencing hearing, the government invites us to find that the appellant waived this claim of error. See United States v. Washington, 434 F.3d 7, 11 (1st Cir. 2006) (holding that waived arguments cannot be considered on appeal); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (same). We decline to take up this invitation: even assuming that the claim of error was not waived, it nonetheless fails.

or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

In this instance, we discern no error, plain or otherwise. With respect to offenses like the offense underlying the drug-conspiracy count, Congress left open the question of whether a particular sentence should run concurrent with, partially concurrent with, or consecutive to an undischarged state sentence. See 18 U.S.C. § 3584(a). In making such a determination, the district court must give consideration to the factors enumerated in 18 U.S.C. § 3553(a), including the applicable sentencing guidelines and policy statements. See id. § 3584(b); United States v. Carrasco-De-Jesús, 589 F.3d 22, 27 (1st Cir. 2009). Of particular pertinence for present purposes is USSG §5G1.3, which addresses situations (like this one) where the defendant is subject to undischarged state sentences.

This guideline provision advises that a federal sentence be imposed to run concurrent with an undischarged state sentence when the state sentence is for an offense that constitutes "relevant conduct" with respect to the offense of conviction. See USSG §5G1.3(b)-(c); United States v. Román-Díaz, 853 F.3d 591, 598 (1st Cir. 2017). In drug-trafficking cases, "relevant conduct" includes all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG §1B1.3(a)(2). Where the acts or omissions comprise unrelated

- 7 -

conduct, the district court enjoys discretion to run the federal sentence "concurrently, partially concurrently, or consecutively to the prior undischarged [state] term of imprisonment to achieve a reasonable punishment for the instant offense." Id. §5G1.3(d).

The appellant contends that section 5G1.3(b) applies here. To prevail on this contention, he must show "that [he] satisfies each and every element of the guideline." United States v. Vélez-Soto, 804 F.3d 75, 78 (1st Cir. 2015) (alteration in original) (quoting Carrasco-De-Jesús, 589 F.3d at 27). This means, among other things, that he must show that the undischarged state sentences resulted from an offense or offenses that constitute relevant conduct with respect to the federal offense of conviction. See United States v. Figueroa-Figueroa, 791 F.3d 187, 192 (1st Cir. 2015) (citing USSG §5G1.3 cmt. n.2(A)).

In an effort to make this showing, the appellant submits that all of his undischarged state sentences relate to offenses comprising relevant conduct with respect to his federal drug-conspiracy conviction. To this end, he relies heavily on the fact that the Agreement denominates the state drug crimes as overt acts in the federal conspiracy.

But this proves too little: the drug crimes form only a tiny part of the underpinnings of the state sentences that the appellant is currently serving. They account for only one year of the 140 years to which the appellant was sentenced. With respect

to the non-drug crimes, the Agreement is silent; it does not specify any of those crimes as overt acts of the federal drug conspiracy. Moreover, the record offers no convincing explanation as to why any, let alone all, of the non-drug crimes should be regarded as part of the same course of conduct, common scheme, or plan as the federal offense of conviction. The appellant had the burden of proof on this issue, and he did not carry it.

The bottom line is that the appellant's situation cannot be viewed as a seamless whole but, rather, demands the application of two different rules. While the state drug crimes constitute relevant conduct vis-á-vis the federal offense of conviction, the same cannot be said for the state non-drug crimes (the murder, attempted murder, and firearms offenses). Simply put, the appellant has not carried his burden of showing that the state non-drug crimes come within the relevant conduct rubric. Consequently, the state sentences based on the latter crimes dictate the application of a different rule. See USSG §5G1.3(d).

The Sentencing Commission has anticipated this type of hybrid scenario. An application note to the relevant guideline instructs that when "a defendant may be subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules," the sentencing court "may exercise its discretion in accordance with subsection (d) to fashion a sentence of appropriate length and structure it to run

in any appropriate manner to achieve a reasonable punishment for the instant offense." Id. §5G1.3 cmt. n.4(D); see, e.g., United States v. Rogers, 521 F.3d 5, 12 (1st Cir. 2008) (applying this instruction). Because this is such a case, our inquiry thus reduces to whether the district court's decision to run the federal drug-conspiracy sentence consecutive to the undischarged state sentences was within the compass of the court's discretion.

Here, the sentencing court accurately determined the applicable guideline range and analyzed the section 3553(a) factors with scrupulous care. Among other things, the court considered the appellant's age, his sordid criminal history, the length of the sentences imposed by the Puerto Rico courts, the nature and seriousness of the federal offense of conviction, the appellant's multiple roles in the drug ring, and the concomitant federal firearms conviction.[3] After weighing these and other relevant factors, the court opted to impose a below-the-range sentence, but decreed that this downwardly variant sentence should run consecutive to the undischarged state sentences (which were almost exclusively for unrelated conduct). Given the sprawling nature of the drug ring, the appellant's versatile roles as a

_____

[3] It is of no moment that the district court did not explicitly reference section 5G1.3. "What counts is not whether a sentencing court explicitly mentions a guideline provision but, rather, whether the court correctly applied that provision." Román-Díaz, 853 F.3d at 598 n.7.

seller of narcotics, an enforcer, and a warehouseman, the violence that characterized the drug-trafficking activities and what the district court described as the drug ring's "war" for territorial dominance, the appellant's career offender status (which included convictions for murder and attempted murder), the obvious need for incapacitation and deterrence, and the complexities inherent in this sentencing determination, we cannot say that the district court's decision to impose a consecutive sentence was an abuse of discretion.

The appellant proffers one last claim of error: he attempts to challenge the substantive reasonableness of his sentence. The standard of review for unpreserved claims of substantive reasonableness is "somewhat blurred." Ruiz-Huertas, 792 F.3d at 228. Here, however, we can safely bypass this uncertainty and assume, favorably to the appellant, that abuse of discretion review applies. See, e.g., United States v. Márquez-García, 862 F.3d 143, 147 (1st Cir. 2017); Ruiz-Huertas, 792 F.3d at 228.

In the case at hand, the district court imposed a sentence on the drug-conspiracy count (202 months) that fell below the bottom of the guideline range.[4] We have made pellucid that

---

[4] Although the appellant's challenge is undifferentiated, we limit our discussion to the sentence imposed on the drug-conspiracy count. After all, the sixty-month sentence imposed on the firearms count was a mandatory minimum sentence required by statute. See

- 11 -

"[i]t is a rare below-the-range sentence that will prove vulnerable to a defendant's claim of substantive unreasonableness." United States v. King, 741 F.3d 305, 310 (1st Cir. 2014). This is not so rare a case: the 202-month sentence seems modest when measured against the gravity of the offense and the appellant's historical involvement in criminal activity.

The appellant implicitly concedes this point. He does not so much as hint that the length of his downwardly variant federal drug-conspiracy sentence is unreasonable. Instead, he focuses narrowly on the fact that the court chose to run the drug-conspiracy sentence consecutive to the undischarged state sentences. He was 35 years old when sentenced, and in his view there is no actuarial likelihood that he will survive the state sentences. Building on this foundation, he contends that running the federal drug-conspiracy sentence consecutive to the state sentences renders the former substantively unreasonable.

As we have explained, the court below was authorized to impose the drug-conspiracy sentence concurrent with, partially concurrent with, or consecutive to the undischarged state sentences. See 18 U.S.C. § 3584; USSG §5G1.3(d). Typically, the exercise of such authority is reviewed for abuse of discretion. United States v. Rivera-González, 776 F.3d 45, 48 (1st Cir. 2015);

18 U.S.C. § 924(c). So, too, running that sentence consecutive to the state sentences was dictated by statute. See id.

- 12 -

Carrasco-De-Jesús, 589 F.3d at 26. In this instance, we already have determined that the district court did not abuse its discretion in choosing to run the drug-conspiracy sentence consecutive to the undischarged state sentences. Seen in this light, a challenge for lack of substantive reasonableness is an awkward fit: it is difficult to imagine how a decision to run a sentence consecutively can be a proper exercise of a sentencing court's discretion, yet render the sentence substantively unreasonable under section 3553(a).[5] Cf. United States v. Berry, 565 F.3d 332, 342 (6th Cir. 2009) (noting that a challenge to a sentencing court's decision to impose a consecutive sentence is not easily classified under the rubric of substantive reasonableness).

When all is said and done, though, we need not tackle the question of whether the decision to impose a consecutive sentence may ever be within the sentencing court's discretion and still render the sentence substantively unreasonable. A party who challenges the substantive reasonableness of a sentence bears the burden of persuasion. See United States v. Clogston, 662 F.3d

_____

[5] In some instances, of course, the imposition of a consecutive sentence may implicate Eighth Amendment concerns. See United States v. Rivera-Ruperto, 884 F.3d 25, 26 (1st Cir. 2018) (Barron, J., concurring in order denying rehearing en banc). Inasmuch as the appellant makes no claim that his sentence was so disproportionate as to render it unconstitutional, we need not address this issue.

588, 593 (1st Cir. 2011).  The appellant has not carried this burden: it is evident that the district court wanted to ensure that the drug-conspiracy sentence produced a long period of incapacitation, and (on this record) the status of the state sentences is largely unknown.  We cannot tell, for example, whether any of those sentences are still under judicial review or are open to petitions for post-conviction relief.  Nor do we know what prospects there may be for parole or commutation.  We therefore reject the claim of substantive unreasonableness as unproven.

## III.  CONCLUSION

We need go no further.  For the reasons elucidated above, the judgment of the district court is

**Affirmed.**