**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

Nos. 21-1467
     21-1468

UNITED STATES OF AMERICA,

Appellee,

v.

TIMOTHY DANIEL DAVIS,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Lance E. Walker, U.S. District Judge]

Before

Kayatta, Selya, and Thompson,
Circuit Judges.

Thomas J. O'Connor, Jr. on brief for appellant.
Darcie N. McElwee, United States Attorney, and Jeanne D.
Semivan, Assistant United States Attorney, on brief for appellee.

September 22, 2022

**SELYA**, **Circuit Judge**.  In these consolidated sentencing appeals, defendant-appellant Timothy Daniel Davis challenges his sixty-one-month aggregate sentence as procedurally and substantively infirm.  Specifically, he claims that the sentencing court failed adequately to explain both its imposition of an upwardly variant sentence and its imposition of consecutive sentences.  Moreover, he claims that his aggregate sentence is substantively unreasonable.  Concluding that the defendant's claims of error are impuissant, we summarily affirm.

**I**

We start by briefly rehearsing the relevant facts and travel of the case.  Where, as here, two related sentences follow admissions of guilt, we draw the facts from the change-of-plea colloquy, the undisputed portions of the presentence investigation report (PSI Report), the transcript of the revocation hearing, and the transcript of the sentencing hearing.  See United States v. Vélez-Andino, 12 F.4th 105, 110 (1st Cir. 2021).

In 2018, the defendant pleaded guilty to possession of a firearm by a convicted felon.  See 18 U.S.C. § 922(g)(1).  The district court sentenced him to five years of probation.  The conditions of his probation included, among other things, that he "not commit another . . . crime," that he "not unlawfully possess a controlled substance," and that he "not possess a firearm."

- 2 -

Roughly four months after the commencement of his probationary term, a probation officer visited the defendant's home in Machiasport, Maine to conduct a home inspection. During this inspection, the probation officer observed drug paraphernalia. When questioned about it, the defendant admitted to consuming marijuana the day before. An ensuing search of the premises revealed not only a quantity of marijuana but also a shotgun.

The defendant was arrested the next day. In short order, a revocation proceeding was initiated.

Two months later, the government filed a single-count information (the Information) charging the defendant with possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g)(1). The defendant's final revocation hearing for the probation violation and his initial appearance for the new offense were held on the same day. As to the former, the defendant pleaded guilty to the Information, admitting that he had violated the conditions of his probation. As to the latter, the defendant pleaded guilty and the court accepted his guilty plea to the new offense (ordering the preparation of a PSI Report). The court then proceeded to revoke the defendant's probationary term.

The defendant raised no objections either to the amended revocation report or the revised PSI Report. The amended revocation report recommended an advisory guideline sentencing

range of eight to fourteen months. With respect to the new offense, the PSI Report recommended a total offense level of 17 and a criminal history category of III, yielding an advisory guideline sentencing range of thirty to thirty-seven months.

The district court held a combined disposition hearing for both the probation revocation and the new offense in June of 2021. The government recommended an aggregate sentence of fifty-four months: twenty-four months on the revocation and thirty months on the new offense. It told the court that "the guidelines and First Circuit precedent would treat consecutive sentences as basically the starting point . . . for similar types of cases" and "that nothing in this case weighs in favor of disposing of that default" position. Defense counsel disputed the notion that consecutive sentences were the "default position" and advocated instead for time served. The government rejoined that there were "indications in the guidelines that a consecutive sentence would be appropriate."

Following the defendant's allocution, the district court adopted the guideline recommendations adumbrated in the PSI Report. It then considered the section 3553(a) factors, see 18 U.S.C. § 3553(a), noting that it found "most significant" the need to protect the public, the need for deterrence, and the seriousness of the offense. The court emphasized that the "proximity of the violation on [the] revocation case to the time that [it] imposed

- 4 -

the probation . . . was a mere four months" — a factor that "weigh[ed] heavily" in its thinking.[1]  In the end, the court imposed incarcerative terms of twenty-four months on the revocation and thirty-seven months on the new offense, to run consecutively.  This timely appeal followed.

## II

"Appellate review of claims of sentencing error entails a two-step pavane."  United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017).  "Under this bifurcated approach, we first examine any claims of procedural error.  If the challenged sentence passes procedural muster, we then proceed to examine any claim of substantive unreasonableness."  United States v. Díaz-Lugo, 963 F.3d 145, 151 (1st Cir. 2020) (citation omitted).  Throughout, "our review of preserved claims of error is for abuse of discretion."[2] Id.

---

[1]  In this regard, the court told the defendant that the proximity "comes across as either a conscious disregard and flouting of this Court's authority or a near irrational disregard of the opportunity that you were given. . . . [I]n the face of such a generous opportunity, you chose to so flagrantly violate the trust that I placed on you."

[2] The parties squabble about whether the defendant's claims of error are preserved and about the attendant standards of review. We need not resolve these differences but, rather, assume — favorably to the defendant — that our review is for abuse of discretion.  See, e.g., United States v. Figueroa-Figueroa, 791 F.3d 187, 191 (1st Cir. 2015).

The defendant mounts two claims of procedural error. First, he argues that the district court erred by failing adequately to explain its "reasons for imposing a sentence . . . that was significantly higher than the top end of the applicable guidelines range." Second, he argues that the court erred by failing adequately to explain why it ran the two sentences consecutively. We examine the merits of these arguments separately.

**1**

It is apodictic that a sentencing court must "state in open court . . . the specific reason for the imposition of a [variant] sentence." 18 U.S.C. § 3553(c). That explanation, though, need not "be precise to the point of pedantry." United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014). The court "need only identify the main factors behind its decision" when imposing a variant sentence. United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015). And the court may fulfill this obligation "either explicitly or by fair inference from the sentencing record." United States v. Montero-Montero, 817 F.3d 35, 38 (1st Cir. 2016).

In this instance, the court identified the sentencing factors that it deemed "most significant." Although the court did not specifically link these factors to the upward variance, that

linkage may fairly be inferred from a review of the sentencing transcript. In particular, the court spoke at length about the proximity between the start of the defendant's probationary term and the commission of the new offense. See, e.g., supra note 1. It stressed the glaring breach of trust that the defendant had displayed by repeating — within a matter of four months — the same unlawful conduct that underpinned the probationary term. The defendant, in effect, had "slapped away" the court's helping hand.

That ends this aspect of the matter. Because the court laid out the main factors behind its upwardly variant sentence, we think it satisfied its obligation to make an adequate explanation. Thus, the defendant's first claim of error founders.

**2**

The defendant's second claim of procedural error — that the court failed adequately to explain why the two sentences were imposed consecutively — fares no better. To begin, the defendant faults the district court for "failing to address [his] argument against the imposition of consecutive sentences." But we have stated before and reiterate today that "a sentencing court is under no obligation . . . to address every argument that a defendant advances in support of his preferred sentence." United States v. Rivera-Morales, 961 F.3d 1, 19 (1st Cir. 2020).

We add, moreover, that the defendant's argument in favor of concurrent sentences was thoroughly debated at the disposition

hearing. That the court did not refer to it when imposing consecutive sentences suggests that the court was unconvinced by the argument, not that the argument was overlooked.

The defendant has a related contention. He contends that the court was required to give reasons for imposing consecutive sentences, but that it gave none. But the defendant is grasping at straws: he points to no statute, rule, guideline, or precedential decision requiring a court to state specific reasons for imposing a consecutive sentence.

In all events, the defendant is foraging in an empty cupboard. Where, as here, "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Subsection (b) goes on to state that "in determining whether the terms imposed are to be ordered to run concurrently or consecutively," the court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C. §] 3553(a)." Id. § 3584(b). In the case at hand, the record makes manifest that the court considered all of the section 3553(a) factors, cf. United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010) (explaining that sentencing court's statement that "it had considered all the section 3553(a) factors is entitled to some weight"), and decided, in the due exercise of its discretion, to run the sentences back

to back.  Its reasons for opting to impose consecutive sentences can fairly be inferred from the record.  No more is exigible.

**B**

This brings us to the defendant's preserved contention that his aggregate sentence is substantively unreasonable.  Once again, our review is for abuse of discretion.  See Holguin-Hernandez v. United States, 140 S. Ct. 762, 766-67 (2020); United States v. Ortiz-Pérez, 30 F.4th 107, 113 (1st Cir. 2022).

In evaluating the substantive reasonableness of a challenged sentence, we are mindful that "reasonableness is a protean concept."  United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  As we have said, "[t]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes."  United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011).  Our task, then, is to determine whether the challenged "sentence falls within this broad universe."  Rivera-Morales, 961 F.3d at 21.

In the last analysis, "a sentence will be deemed substantively reasonable as long as it rests on 'a plausible rationale and . . . represents a defensible result.'"  Ortiz-Pérez, 30 F.4th at 113 (alteration in original) (quoting Rivera-Morales, 961 F.3d at 21).  "Where, as here, an aggregate sentence is the product of two or more distinct sentences, we sometimes have found it useful to analyze the substantive reasonableness of

the aggregate sentence by analyzing the substantive reasonableness of each of its constituent parts."  Id.  We follow that praxis here.

The aggregate sentence in this case is composed of two sentences.  The first sentence is an upwardly variant twenty-four-month sentence following the revocation of probation. An upwardly variant sentence requires a "heightened" degree of explanation.  United States v. Padilla-Galarza, 990 F.3d 60, 91 (1st Cir. 2021).  We already have concluded, though, that this upward variance was adequately explained.  See supra Part II(A)(1). That adequate explanation does double duty as the functional equivalent of a plausible rationale.  See United States v. Valle-Colón, 21 F.4th 44, 50 (1st Cir. 2021).

The remaining sentence is a within-guidelines sentence of thirty-seven months on the new offense.  To undermine the reasonableness of a within-the-range sentence, the defendant must "adduce fairly powerful mitigating reasons and persuade us that the district [court] was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be 'reasonable.'"  United States v. Navedo-Concepción, 450 F.3d 54, 59 (1st Cir. 2006).  Seen in this light, showing that a within-the-range sentence is unreasonable presents "a heavy burden."  United States v. Pelletier, 469 F.3d 194, 204 (1st Cir. 2006).  The defendant cannot lift that heavy burden here.

We need not tarry. At sentencing, the court made clear that it had reached its determination as to the appropriate sentence after reviewing the PSI Report, listening to the parties' arguments, and mulling the section 3553(a) factors. It identified the factors that it found "most significant" and noted that all those factors weighed in favor of a higher sentence. "[T]he balancing of the sentencing factors is largely within the district court's discretion," Ortiz-Pérez, 30 F.4th at 113, and the defendant has shown no misuse of that discretion here, see Rivera-Morales, 961 F.3d at 21 (explaining that court of appeals "must accord significant deference to the court's informed determination that the section 3553(a) factors justify the sentence imposed").

Finally, the result reached by the district court is easily defensible: the aggregate sentence falls within the broad universe of reasonable sentences for the probation revocation and the new offense. The defendant's conduct constituted a significant breach of the court's trust. Less than four months after being sentenced to probation as a convicted felon in possession of a firearm, the defendant repeated essentially the same offense, pleading guilty to possessing yet another firearm. Given the timing of the new offense, there is no principled way in which we can set aside an aggregate sentence of sixty-one months on reasonableness grounds.

The defendant resists this conclusion. He says, in effect, that because he had originally received a probationary sentence for a firearms-possession offense, his aggregate sentence of five years is manifestly unreasonable. But the fact that the court previously imposed a probationary sentence, coupled with the fact that the defendant flouted that largesse, is a substantial part of the reason why the current sentence falls within the "broad universe" of substantively reasonable sentences.

For these reasons, we hold that the defendant's aggregate sentence is substantively reasonable.

**III**

We need go no further. The challenged sentences are summarily

**Affirmed**. <u>See</u> 1st Cir. R. 27.0(c).