[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14123

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EUGENE BARTHOLOMEW GARGIULO, JR.,
a.k.a. Geno Gargiulo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60111-WPD-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Eugene Gargiulo, Jr. appeals his total sentence of 21 months' imprisonment after he pleaded guilty to transportation of stolen goods. He asserts the district court's sentence is substantively unreasonable because the district court focused only on his criminal history and refused to downwardly vary to home confinement or a shorter term of imprisonment. After review,[1] we affirm Gargiulo's sentence.

The party challenging the sentence bears the burden of establishing it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors.[2] *United States v. Shabazz*, 887 F.3d

_____

[1] When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

[2] A district court is required to impose a sentence that is sufficient, but not greater than necessary to comply with the purposes listed under § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide educational and vocational training, medical care, and other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § (a)(1), (3)–(7).

1204, 1224 (11th Cir. 2018). We must give due deference to the district court to consider and weigh the proper sentencing factors. *Id.* Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the guideline range. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259-60 (11th Cir. 2015). However, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of factors than to the guideline range. *Id.* at 1259.

The district court also has wide discretion to decide whether the § 3553(a) factors justify a variance. *Gall v. United States*, 552 U.S. 38, 51 (2007). When rejecting a request for a variance and imposing a guideline sentence, the sentencing judge need not issue a lengthy explanation so long as the judge considered the parties' arguments and the context and record indicated the reasoning behind its conclusion. *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*).

Gargiulo's sentence is substantively reasonable. The district court stated it considered the sentencing guidelines and the § 3553(a) factors. It noted and considered Gargiulo's arguments in mitigation, and it weighed these mitigating factors against his criminal history, which the district court found was underrepresented by his criminal history computation. It was within the district court's discretion to give greater weight to Gargiulo's criminal history, and in view of the discretion the district court is granted when considering the factors in § 3553(a), Gargiulo's arguments fail to show the district court abused its discretion by not varying

downward. *See Rosales-Bruno*, 789 F.3d at 1254 (stating the district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another). Moreover, the district court imposed a sentence within the guideline range, which ordinarily indicates a sentence is reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (stating we do not apply a presumption of reasonableness to sentences within the guideline range, but we ordinarily expect such a sentence to be reasonable). Gargiulo failed to show the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of this case. *See Irey*, 612 F.3d at 1190 (holding we will only vacate a sentence based on substantive unreasonableness if we are left with the definite and firm conviction the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case). Accordingly, we affirm.

**AFFIRMED.**