# United States Court of Appeals
## For the First Circuit

No. 14-1335

UNITED STATES OF AMERICA,

Appellee,

v.

RAYMON VARGAS-GARCÍA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Kayatta, Selya and Lipez,
Circuit Judges.

Irma R. Valldejuli on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief for appellee.

July 16, 2015

**SELYA**, **Circuit Judge**.  Disappointed by a sentence that was six months longer than he had hoped, defendant-appellant Raymon Vargas-García appeals on two grounds: that the sentence lacks adequate explanation and that it is substantively unreasonable. While his disappointment is understandable, his claims of error are without merit.  Accordingly, we affirm.

## I.

### Background

"Since this appeal trails in the wake of a guilty plea, we draw the facts from the plea agreement, the change-of-plea colloquy, the undisputed portions of the presentence investigation report (PSI Report), and the transcript of the disposition hearing."  United States v. Rivera-González, 776 F.3d 45, 47 (1st Cir. 2015).  In July of 2013, the defendant was arrested after a search of his residence in Ponce, Puerto Rico, turned up 79 "decks" of heroin, a marijuana cigarette, $7,757 in cash, two loaded guns, and an assortment of ammunition.  The defendant admitted his ownership of the seized items and asserted that he possessed the firearms to protect himself "from rival gang members."

A federal grand jury subsequently returned a two-count indictment against the defendant.  One count charged him with possession with intent to distribute controlled substances.  See 21 U.S.C. § 841(a).  The other charged him with possession of firearms in furtherance of a drug-trafficking crime.  See 18 U.S.C.

§ 924(c). The latter count carried a five-year mandatory minimum and a maximum sentence of life imprisonment, to run consecutively to any sentence imposed for the underlying drug-trafficking offense. See id. § 924(c)(1)(A), (D)(ii).

Although the defendant initially maintained his innocence, he later had a change of heart and entered into a plea agreement with the government (the Agreement). Under the Agreement, the defendant agreed to plead guilty to the firearms count, and the government agreed to drop the drug-trafficking count. The parties jointly agreed to recommend a sentence of 84 months' imprisonment.

The district court accepted the defendant's guilty plea. When received, the PSI Report did not contain a recommended guideline sentencing range but, rather, simply noted that section 924(c) mandated a minimum term of imprisonment of five years. The PSI Report also explained that, in 2010, the defendant had been convicted of three violations of Puerto Rico law arising out of his illegal possession of a charged semiautomatic weapon. In 2013, while serving a 15-year probationary term for those convictions, the defendant was arrested for possession of a controlled substance and counterfeiting a license.[1] Those charges are still pending, but the probationary term on the earlier charges was revoked and

---

[1] That arrest antedated the defendant's arrest for the crimes charged in this case.

a Commonwealth court sentenced the defendant to serve not only his original 15-year incarcerative term but also an additional 17 months.

At the disposition hearing, defense counsel urged the court to hew to the agreed 84-month term of immurement and to run the sentence concurrently with the unexpired portion of the defendant's Puerto Rico sentence. The prosecutor, too, recommended the 84-month sentence but suggested that it should run consecutively to the Puerto Rico sentence. After acknowledging the parties' positions, the district court stated:

> The Court will consider the seriousness of the offense, the need to promote respect for the law, as well as the other factors contemplated in [18 U.S.C. § 3553(a)]. Before the Court is a 24-year-old individual with two dependents, he has a high school diploma. He is in good health and has no history of illegal drug use. However, he has a history of mental health. He has two prior criminal arrests, one that resulted in a criminal conviction and one that is pending resolution.

The court proceeded to impose a 90-month term of immurement, to run consecutively to any other sentence then being served. This timely appeal followed.[2]

---

[2] Although the Agreement contains a waiver-of-appeal clause, that clause conditioned the waiver on the imposition of a sentence in "accordance with the terms and conditions set forth in the Sentence Recommendation provisions of [the Agreement]." The sentence imposed by the district court was longer than that envisioned by the parties and, thus, was not within the compass of

## Analysis

Appellate review of federal criminal sentences employs a binary mechanism: a reviewing court must first examine claims relating to the procedural aspects of the sentence and then examine claims relating to its substantive reasonableness. See United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). Throughout, review is for abuse of discretion. See Clogston, 662 F.3d at 590.

**1. Procedural Reasonableness.** In the case at hand, the defendant begins with a procedural attack alleging that the district court did not adequately explain the rationale for the sentence. Because no contemporaneous objection was interposed at sentencing, "the plain error standard supplants the customary standard of review." United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010). To prevail under plain error review, the defendant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

---

the Sentence Recommendation provision. Consequently, the waiver-of-appeal clause does not pretermit this appeal. See, e.g., Rivera-González, 776 F.3d at 49.

Our appraisal of the defendant's procedural challenge starts with 18 U.S.C. § 3553(c), which provides that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence[.]" This statute obliges a sentencing court to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). The adequacy of a sentencing court's explanation must be judged case by case, but this requirement consistently has been "read in a practical, common-sense way." Dávila-González, 595 F.3d at 48.

One overarching principle can be gleaned from the case law. It is clear beyond peradventure that the sentencing court need only identify the main factors behind its decision. See United States v. Turbides-Leonardo, 468 F.3d 34, 40-41 (1st Cir. 2006). The court need not "be precise to the point of pedantry." Id. at 40.

In this instance, there is no applicable guideline sentencing range; instead, the statutory mandatory minimum sentence is the guideline sentence. See Rivera-González, 776 F.3d at 49. Under those circumstances — that is, when application of the sentencing guidelines yields a single guideline sentence rather than a guideline sentencing range — a sentence in excess of the guideline sentence is treated as an upward variance. See

United States v. Oquendo-Garcia, 783 F.3d 54, 56 (1st Cir. 2015); Rivera-González, 776 F.3d at 49. It follows that the sentence imposed here constitutes an upward variance of 30 months over the guideline sentence of 60 months. See 18 U.S.C. § 924(c)(1)(A)(i); USSG §2K2.4(b). This may be significant because an upwardly variant sentence typically requires a fuller explanation than a guideline sentence. See Gall, 552 U.S. at 50; Turbides-Leonardo, 468 F.3d at 41.

In this case, the explanation for the imposed sentence is admittedly skimpy. Nevertheless, we think it not clearly insufficient: at the disposition hearing, the district court took pains to reference the defendant's significant criminal history, the seriousness of the offense of conviction, and the need to promote respect for the law.[3] Given the facts of this case (including the absence of any contemporaneous objection), no more was exigible. After all, "[w]here the record permits a reviewing court to identify both a discrete aspect of an offender's conduct and a connection between that behavior and the aims of sentencing, the sentence is sufficiently explained to pass muster under section 3553(c)." United States v. Fernández-Cabrera, 625 F.3d 48, 54

---

[3] The district court also took into account potentially mitigating factors, such as the defendant's youth and his history of mental health problems.

(1st Cir. 2010). We conclude, therefore, that no clear or obvious "lack of explanation" error occurred.

Nor was the district court obliged to explain why it rejected the parties' joint recommendation for an 84-month sentence. See United States v. Ruiz-Huertas, __ F.3d __, __ (1st Cir. 2015)[No. 14-1038, slip op. at 9]. Though a sentencing court may have a duty to explain why it chose a particular sentence, it has "no corollary duty to explain why it eschewed other suggested sentences." United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014).

2. **Substantive Reasonableness.** This brings us to the defendant's contention that the length of the sentence renders it substantively unreasonable. Though the defendant did not raise this claim below, the standard of review is in doubt. As we recently explained, most courts hold that an objection in the district court is not needed to preserve a claim that a sentence is substantively unreasonable. See Ruiz-Huertas, __ F.3d at __ [slip op. at 10] (discussing this question and collecting cases). While a pair of First Circuit cases have expressed a contrary view (albeit without any analysis of the issue), see id. at __ n.4 [slip op. at 10 n.4], we need not resolve this apparent anomaly today. Even if we assume, favorably to the defendant, that our review is for abuse of discretion, the defendant's claim of error founders. We explain briefly.

The "touchstone of abuse of discretion review in federal sentencing is reasonableness." United States v. Vargas-Dávila, 649 F.3d 129, 130 (1st Cir. 2011). Reasonableness is itself an inherently fluid concept. See Martin, 520 F.3d at 92. Thus, in any given case, "[t]here is no one reasonable sentence . . . but, rather, a universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592.

When reviewing a challenge to the substantive reasonableness of a sentence, substantial deference is due to the sentencing court's discretion. See Gall, 552 U.S. at 51; Clogston, 662 F.3d at 593. This deferential approach recognizes that though "[a] sentencing court is under a mandate to consider a myriad of relevant factors, . . . the weighting of those factors is largely within the court's informed discretion." Clogston, 662 F.3d at 593. Even when the court imposes a non-guideline sentence, a reviewing court must afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Martin, 520 F.3d at 92 (quoting Gall, 552 U.S. at 51). Fidelity to this deferential standard requires that a challenge based on substantive reasonableness must comprise more than a thinly disguised attempt by the defendant "to substitute his judgment for that of the sentencing court." Clogston, 662 F.3d at 593.

In the last analysis, a challenge to the substantive reasonableness of a sentence turns on whether the sentencing court has offered a plausible rationale for the sentence and whether the sentence itself represents a defensible result. See United States v. Flores-Machicote, 706 F.3d 16, 25 (1st Cir. 2013); Martin, 520 F.3d at 96. Here, the court's sentencing rationale was plausible: as we already have explained, the court's reasoning stressed the significant nature of the defendant's criminal history, the seriousness of the offense, and the need to promote respect for the law. While the defendant points to some mitigating considerations, a sentencing court is entitled to conduct an appropriate triage and weigh some factors more heavily than others. See United States v. Madera-Ortiz, 637 F.3d 26, 32 (1st Cir. 2011).

We likewise conclude that the challenged sentence embodies a defensible result. Sentences are subject to what has been called the "parsimony principle." See, e.g., Turbides-Leonardo, 468 F.3d at 41. This principle, enshrined in 18 U.S.C. § 3553(a), directs the court to "impose a sentence sufficient, but not greater than necessary" to achieve the legitimate goals of sentencing. Given the serious nature of the offense of conviction and the tarnished record of the offender, the challenged sentence can reasonably be viewed as no greater than necessary to achieve such valid sentencing objectives as punishment, deterrence,

incapacitation, and the need to promote respect for the law.  <u>See</u> 18 U.S.C. § 3553(a)(2)(A)-(C).

To cinch matters, the defendant concedes that some upward variance from the guideline sentence — from 60 months to 84 months — was reasonable.  His argument is that even though an increase of this magnitude would have been acceptable, a variance that went six months further was substantively unreasonable.  Yet, the defendant has not plausibly explained why an 84-month sentence would be substantively reasonable but a 90-month sentence would not.  In view of the relatively small spread between the sentence that the defendant concedes would have been appropriate (84 months) and the sentence that he contends was inappropriate (90 months), we cannot say that the sentence imposed either falls outside the universe of reasonable sentencing outcomes or fails to represent a defensible result.

### III.

### Conclusion

We need go no further.  For the reasons elucidated above, the sentence is

**<u>Affirmed</u>.**

- 11 -