# United States Court of Appeals
## For the First Circuit

No. 16-1695

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ MATOS-DE-JESÚS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Lynch, Circuit Judges.

Elizabeth A. Billowitz on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

May 5, 2017

**SELYA**, **Circuit Judge**.  With respect to some firearms charges, the sentencing guidelines provide that if the offense of conviction involves three or more guns, the defendant's offense level is to be enhanced by a specified number of levels.  See USSG §2K2.1(b)(1).  Here, the offenses of conviction involved two firearms, and the sentencing court, recognizing that the guideline enhancement was inapplicable, considered the second firearm as an aggravating factor in imposing an upwardly variant sentence.

In this appeal, defendant-appellant José Matos-de-Jesús argues, inter alia, that the sentencing guidelines already account for the presence of both guns and, therefore, that the sentencing court erred in considering his possession of the second gun as part of the groundwork for the upward variance.  Discerning no error, we affirm.

The facts are straightforward.  In October of 2015, Puerto Rico police pulled over the appellant's car (which the appellant was driving) after noticing a problem with the license plate.  When a passenger opened the glove compartment to retrieve the registration, the officers spotted at least one loaded Glock magazine.  When queried, the appellant admitted that he did not have a firearms permit, and the officers ordered him out of the car.  As he stepped out, they removed a Glock pistol from his waistband.  The gun had been "chipped," that is, modified to fire automatically.

After a vehicle search, see United States v. Panitz, 907 F.2d 1267, 1271 (1st Cir. 1990) (discussing "vehicle exception" to warrant requirement), the police discovered a second Glock pistol (also "chipped"), four loaded high-capacity magazines, and more than 100 loose rounds of ammunition. During the ensuing arrest, the appellant threatened to kill one of the arresting officers upon his release.

In due course, a federal grand jury sitting in the District of Puerto Rico handed up an indictment charging the appellant with one count of possession of firearms by a convicted felon, see 18 U.S.C. § 922(g)(1), and one count of possession of machine guns, see id. § 922(o). Notably, each count of the indictment referenced the appellant's possession of both of the seized firearms. The appellant entered a straight guilty plea to both counts.

At sentencing, the court heard arguments of counsel and the appellant's allocution. Without objection, it set the appellant's total offense level at 19, assigned him to criminal history category IV, and calibrated his guideline sentencing range at 46 to 57 months. After mulling the sentencing factors limned in 18 U.S.C. § 3553(a), the court varied upward and imposed a 72-month term of immurement. It explained that the upward variance reflected in significant part the appellant's possession of not one, but two, guns. The court added, though, that the upwardly

- 3 -

variant sentence also took into account the presence of several other aggravating factors, such as the appellant's extensive criminal history and the fact that he had threatened a police officer during his arrest.

The appellant objected to his sentence, in general terms, as both procedurally and substantively unreasonable. The district court overruled these objections. This timely appeal followed.

Appellate review of claims of sentencing error entails a two-step pavane. See United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). Under this framework, we first address any assignments of procedural error. See id. If the sentence passes procedural muster, we then address any challenge to its substantive reasonableness. See id. Here, the appellant advances claims of both procedural and substantive error.

The appellant's most loudly bruited procedural claim is that the sentencing court blundered when it used his possession of two firearms as part of the groundwork for an upward variance. He starts with the uncontroversial premise that the sentencing guidelines direct courts to add additional levels to a defendant's offense level when the defendant possesses three or more guns in connection with the offense of conviction. See USSG §2K2.1(b)(1). With this premise as a starting point, he asserts that the guidelines treat the "possession of one or two firearms . . . the

same," and insists, a fortiori, that the second gun already was factored into his guideline range. Building on this less-than-sturdy foundation, he concludes that the sentencing court's decision to vary upward based on that fact amounted to impermissible double-counting. See United States v. Sepúlveda-Hernández, 817 F.3d 30, 34-35 (1st Cir. 2016).

The appellant objected below on procedural grounds, but his objection was altogether generic, not specific. He did not allude to, or even mention, the specific claim of error that he now seeks to raise. "A general objection to the procedural reasonableness of a sentence is not sufficient to preserve a specific challenge to any of the sentencing court's particularized findings." United States v. Soto-Soto, ___ F.3d ___, ___ n.1 (1st Cir. 2017) [No. 16-1444, slip op. at 6 n.1] (collecting cases); accord United States v. Ahrendt, 560 F.3d 69, 76 (1st Cir. 2009) (holding that because "generic objections" do not afford a sentencing court sufficient notice, such objections are inadequate to preserve specific claims of sentencing error). Hence, our review of this claim is for plain error. Under that formidable standard, the appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). The appellant's

challenge fails at the first step of plain error review: there was no error, plain or otherwise.

The claim is wrong on its face. The sentencing guidelines make no provision for the presence of two guns during the commission of an offense under either 18 U.S.C. § 922(g)(1) or 18 U.S.C. § 922(*o*). Thus, taking the second gun into account as part of the mix of factors to be considered at sentencing cannot conceivably be double-counting.[1] See Sepúlveda-Hernández, 817 F.3d at 34-35. Moreover, the presence of that gun was obviously relevant to the nature of the crime. Consequently, the district court did not err in giving weight to that fact.

In this regard, we find instructive the Supreme Court's recent decision in Dean v. United States, 137 S. Ct. 1170 (2017). There, the Court considered the degree of discretion afforded to a judge called upon to impose sentence for a violation of 18 U.S.C. § 924(c), which creates a separate offense for the use or possession of a firearm in connection with a drug-trafficking crime and requires a mandatory minimum sentence for the firearm offense. This mandatory minimum sentence must be imposed consecutively to any sentence imposed for the underlying crime. The Court was

---

[1] We hasten to add that, even if double-counting occurred, it would not necessarily require vacating the appellant's sentence. See, e.g., United States v. Zapata, 1 F.3d 46, 47 (1st Cir. 1993) (noting that, "[i]n the sentencing context, double counting is a phenomenon that is less sinister than the name implies" and is often "perfectly proper").

confronted with the question of whether, in calculating a sentence for the underlying offense, the sentencing judge must close his eyes to the fact that the defendant will also serve a consecutive mandatory minimum sentence for the firearms offense. See Dean, 137 S. Ct. at 1174. The Court held that, in the absence of statutory language directing the sentencing judge to ignore the requirement for a consecutive mandatory minimum sentence, the judge may consider that fact in his sentencing calculus. See id. at 1175-78.

The Court made pellucid that sentencing judges "have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence." Id. at 1175. Without an express prohibition to the contrary, a sentencing judge may therefore consider any factor that reasonably relates to the concerns limned in 18 U.S.C. § 3553(a). See id. at 1175-76.

As applied here, the reasoning of Dean defenestrates the appellant's argument that the court below could not take into account the second gun in its application of the section 3553(a) factors. Neither a federal criminal statute nor the sentencing guidelines forbids a sentencing court from considering the presence of a second gun when imposing sentence for either a section 922(g)(1) or a section 922(o) offense. We hold, therefore, that the court below acted well within the encincture of its

discretion in considering that fact when it sentenced the appellant.

Next, the appellant suggests that the sentencing court committed procedural error by inadequately explaining its reasons for imposing the upward variance.[2] This specific suggestion is made for the first time on appeal and, thus, engenders plain error review. See United States v. Bermúdez-Meléndez, 827 F.3d 160, 164 (1st Cir. 2016). Plain error, though, is plainly absent.

To be sure, a sentencing court's burden to explain its sentence increases the more that it deviates from the guideline range. See Martin, 520 F.3d at 91. Even so, a variant sentence may be "based on a complex of factors whose interplay and precise weight cannot . . . be precisely described." Id. at 92 (citation omitted). That is the situation here; and given this reality, the sentencing court had no need to "be precise to the point of pedantry." United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015) (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006)). In such circumstances, it ordinarily

---

[2] In part, the appellant argues that, because the sentencing court relied on the presence of the second gun — which he contends was already factored into his guideline range — the court was obligated to provide an additional explanation for the upward variance. See United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006). That argument fails for the reasons already discussed, and we make no further reference to it.

suffices to satisfy the burden of explanation if the court identifies the primary reasons underpinning its decision. See id.

That burden was carried here. Before imposing the challenged sentence, the court below discussed the appellant's lengthy criminal history, which included a conviction for second-degree murder and an array of weapons and drug offenses. The court bemoaned the fact that the appellant had made no apparent effort to "liv[e] a law abiding life." It added that even though "he passed most of his adult life in jail," he continued to reoffend. So, too, the court indicated that it was giving weight to the fact that the appellant had threatened a police officer at the time of his arrest. Last — but surely not least — the court voiced particular concern about the fact that the appellant, a previously convicted felon, possessed two automatic weapons. The court found this fact especially disconcerting due to the prevalence of gun violence in Puerto Rico and the Commonwealth's rising murder rate. See United States v. Flores-Machicote, 706 F.3d 16, 22-23 (1st Cir. 2013) (approving use of similar approach). Given the clarity of these statements, we find the sentencing court's explanation of the appellant's variant sentence to be more than adequate on plain error review.

This brings us to the appellant's claim, preserved below, that his sentence is substantively unreasonable. Specifically, he submits that his background did not warrant the

substantial upward variance and that the court misjudged the likelihood that he would reoffend. Our review is for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007); Martin, 520 F.3d at 92.

As a general matter, a reviewing court is not at liberty to second-guess a sentencing court's reasoned judgments about matters committed to the sentencing court's discretion. See United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011). Consistent with this principle, the substantive reasonableness of a sentence turns on whether the sentencing court articulated "a plausible sentencing rationale" and reached "a defensible result." Martin, 520 F.3d at 96. There is more than one reasonable sentence in virtually any case, and we will vacate a procedurally correct sentence as substantively unreasonable only if it lies "outside the expansive boundaries" that surround the "universe" of reasonable sentences. Id. at 92. This is a highly deferential standard of review, and it applies full-bore to non-guideline sentences. See Vargas-García, 794 F.3d at 167.

As we already have explained, the sentencing court expounded upon the appellant's extensive and violent criminal history, his predilection to reoffend, and the gravity of the offenses of conviction (which was particularly concerning given the community in which they took place). The court also noted the presence of the second gun and the cascade of bullets found in the

appellant's car. We think that these observations, taken collectively, comprise a plausible sentencing rationale.

The sentencing court also reached a defensible result. While the sentence surpassed the top of the guideline range, "even a substantial variance does not translate, ipso facto, into a finding that the sentence is substantively unreasonable." Flores-Machicote, 706 F.3d at 25. Context matters, see id., and the sentence in this case is responsive to the nature and circumstances of the offense, the characteristics of the offender, the importance of deterrence, and the need for condign punishment. In light of the facts and circumstances previously discussed, there is no principled way that we can say that a 72-month sentence falls outside the expansive universe of substantively reasonable sentences.

We need go no further. For the reasons elucidated above, the challenged sentence is

**Affirmed.**