**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 20-1719

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ JAVIER ORTIZ-VIDOT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Selya, and Barron,
Circuit Judges.

Mariángela Tirado-Vales on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Gregory B. Conner, Assistant United States Attorney, on brief for appellee.

December 10, 2021

**SELYA**, **Circuit Judge**.    In this sentencing appeal, defendant-appellant José Javier Ortiz-Vidot takes aim at both the imposition of a two-level guideline enhancement for possession of multiple firearms and his upwardly variant sentence.  Concluding, as we do, that the appellant is firing blanks, we affirm.

**I**

We briefly rehearse the relevant facts and travel of the case.  "Where, as here, a sentencing appeal follows a guilty plea, we glean the relevant facts from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the record of the disposition hearing."  United States v. Vargas, 560 F.3d 45, 47 (1st Cir. 2009).

On April 21, 2019, a vehicle in which the appellant and three other persons were riding flipped over on a highway in Caguas, Puerto Rico.  While tending to the accident, Puerto Rico police officers found two Glock pistols modified to fire as machine guns, ten magazines, and 220 rounds of ammunition inside the vehicle.  Within close proximity to the crashed car, police officers found a third Glock pistol, also modified to fire as a machine gun, and a Taurus revolver.  Having sustained serious injuries, the appellant was transported to a trauma center and remained there for the next few days.

We fast-forward to May 23, 2019.  By then, the incident had been brought to the attention of the federal grand jury.  As

relevant here, the grand jury returned a second superseding indictment, charging the appellant with possession of a machine gun. See 18 U.S.C. § 922(o). The appellant initially maintained his innocence but later pleaded guilty to the charge pursuant to a plea agreement (the Agreement). The stipulation of facts in the Agreement identified only the two machine guns found inside the vehicle. And at the change-of-plea hearing, the appellant stressed that he was only accepting responsibility for those two machine guns.

The court ordered the preparation of a PSI Report. In the report, the probation office described the offense of conviction. On page five, it listed the four weapons — three machine guns and one revolver — found at the scene of the accident. Based on the presence of those weapons, the probation office recommended a two-level enhancement. See USSG §2K2.1(b)(1)(A) (providing for such an enhancement where defendant possessed three to seven firearms). This enhancement, together with other adjustments not in issue here, brought the appellant's total offense level to seventeen. Paired with a criminal history category of I, the guideline sentencing range (GSR) was twenty-four to thirty months' imprisonment.

At the disposition hearing, defense counsel objected to the two-level guideline enhancement and advocated in favor of the plea-agreement guideline range. She stated that the appellant had

only "accepted [] responsibility for two firearms." She added that the appellant suffered from amnesia as a result of the accident and, as a consequence, did not "recall what transpired." Defense counsel speculated that "perhaps . . . what brings him to this case is a bad choice of friends that may have placed him in this situation for which he is accepting responsibility." She emphasized that the appellant had no criminal history and no "record of abuse of drugs, [] use of illegal weapons, [or] abuse of alcohol." In the end, she suggested a twenty-four-month term of immurement, and the government joined in that recommendation. The appellant declined to allocute.

The sentencing court began by outlining the guideline calculations, finding that the appellant possessed multiple firearms and overruling his objection to the two-level enhancement. Consequently, the court accepted the calculations limned in the PSI Report and set the GSR at twenty-four to thirty months. The court then considered the factors delineated in 18 U.S.C. § 3553(a). It described the offense of conviction as very dangerous and stated that the parties' joint sentencing recommendation "d[id] not reflect the seriousness of the offense, d[id] not promote respect for the law, d[id] not protect the public from further crimes by [the appellant], and d[id] not address the issues of deterrence and punishment." The court proceeded to impose a forty-eight-month upwardly "variant sentence because [the

appellant] possessed three pistols modified to shoot automatically, a revolver, and 219 rounds of ammunition."

Defense counsel requested reconsideration, emphasizing that the appellant had accepted responsibility for only two firearms. The court denied her motion, reiterating that it agreed with "what is indicated in the pre-sentence investigation report as to the number of weapons." This timely appeal followed.

## II

"Appellate review of claims of sentencing error entails a two-step pavane." United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017). We first examine any claims of procedural error. See id. If the challenged sentence is procedurally sound, we then examine any claim of substantive unreasonableness. See id.

In this instance, the appellant raises two claims of procedural error and a claim of substantive unreasonableness. We address each claim separately.

## A

The appellant's principal claim of procedural error implicates the two-level sentencing enhancement under USSG §2K2.1(b)(1)(A) for possession of three to seven firearms. Since the appellant objected to this enhancement below, our review is for abuse of discretion. See United States v. Ilarraza, 963 F.3d 1, 7 (1st Cir. 2020). This standard "is not monolithic: under

its aegis, we assay the district court's findings of fact for clear error and its interpretation and application of the sentencing guidelines de novo." Id. at 7-8.

The appellant's claim of error stands or falls on the force of his challenge to the district court's determination that he possessed at least three firearms. This determination is a finding of fact, reviewed for clear error. See id. at 10; see also United States v. Cates, 897 F.3d 349, 354 (1st Cir. 2018) (explaining that "findings based on inferences drawn from discerned facts" are reviewed only for clear error). We have characterized clear-error review as "demanding." United States v. Nuñez, 852 F.3d 141, 144 (1st Cir. 2017). The proponent of clear error will prevail "only if, 'upon whole-record-review, an inquiring court form[s] a strong, unyielding belief that a mistake has been made.'" Id. (alteration in original) (internal quotation omitted) (quoting United States v. Cintrón-Echautegui, 604 F.3d 1, 6 (1st Cir. 2010)).

The appellant argues that the sentencing court's finding is clearly erroneous because he "only accepted guilt for the possession of 2 firearms." He does not dispute, however, that four firearms — three machine guns and a revolver — were retrieved at the scene of the accident. Nor does he dispute the PSI Report's description of the proximity of the firearms to the vehicle in which he was riding. See Fed. R. Crim. P. 32(i)(3)(A) (explaining

that a sentencing court "may accept any undisputed portion of the presentence report as a finding of fact").

What is more, the PSI Report — to which the appellant did not object — unequivocally states that the appellant and two other individuals, "aiding and abetting each other, did knowingly possess machineguns." That same paragraph goes on to identify the machine guns as three in number. Although the appellant argues on appeal that the district court had no evidence to support a finding that he possessed the two weapons for which he did not explicitly accept responsibility, the unobjected-to statements in the PSI Report are themselves evidence. See United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010) (explaining that "unobjected-to '[f]acts contained in a presentence report ordinarily are considered reliable evidence for sentencing purposes'" (alteration in original) (quoting United States v. Morillo, 8 F.3d 864, 872 (1st Cir. 1993))). Those statements are sufficient to ground a finding of constructive possession of the third machine gun. See Nuñez, 852 F.3d at 145 (defining constructive possession as "'when a person knowingly has the power at a particular time to exercise dominion and control over' an object" (quoting United States v. Maldonado-García, 446 F.3d 227, 231 (1st Cir. 2006))). And constructive possession is all that is required to trigger a sentencing enhancement under USSG

§2K2.1(b)(1)(A).  See id. at 144-45.  It follows that the district court's imposition of the enhancement was not clearly erroneous.

**B**

The appellant's second claim of procedural error implicates his sentence as a whole.  This claim was not raised below and, thus, our review is for plain error.  See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

"The plain error hurdle is high."  United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989).  The proponent of plain-error review must carry the devoir of persuasion as to each of "four showings:  (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appell]ant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  Duarte, 246 F.3d at 60.  The appellant stumbles at the first step of the four-part test.

It is common ground that a sentencing court must state in open court "the specific reason for the imposition of a [variant] sentence."  18 U.S.C. § 3553(c)(2).  When examining a sentencing court's justification for a variance, a reviewing court must ask whether the sentencing court "relie[d] on factors not adequately accounted for in the GSR."  United States v. Díaz-Lugo, 963 F.3d 145, 156 (1st Cir. 2020). Where — as here — the sentencing court relies on a factor already considered in formulating the

- 8 -

GSR, the question becomes whether the sentencing court explained "what makes that factor worthy of extra weight in the defendant's case." United States v. Fields, 858 F.3d 24, 32 (1st Cir. 2017) (citing United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006)). This explanation, though, need not "be precise to the point of pedantry." United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014).

Viewed through this lens, the court below adequately articulated why the appellant's case called for an upwardly variant sentence. The court made pellucid that it was imposing such a sentence because the appellant was in possession of three machine guns and over 200 rounds of ammunition. This explanation left no doubt that the seriousness of the offense was spearheading the court's sentencing calculus.

The appellant attempts to parry this thrust. He argues that this factor was already fully accounted for in the GSR. This argument cannot withstand scrutiny.

USSG §2K2.1(a)(5) supplied the base offense level (eighteen) for the offense of conviction. By its terms, this provision contemplates possession of only a single machine gun. And the enhancement that the district court applied, see USSG §2K2.1(b)(1)(A), contemplates a multiplicity of firearms, not — as was the case here — a multiplicity of machine guns. We thus find the sentencing court's stated justification for an upward variance

sufficient to defeat the claim of procedural error. See, e.g., United States v. Bruno-Campos, 978 F.3d 801, 806 (1st Cir. 2020) (holding that sentencing court did not err in concluding that possession of three machine guns and four magazines removed defendant's case from "heartland of [] relevant guidelines"); Díaz-Lugo, 963 F.3d at 156 (similar).

## c

The appellant's final challenge addresses the substantive reasonableness of his sentence. "We review challenges to the substantive reasonableness of a sentence for abuse of discretion." Bruno-Campos, 978 F.3d at 808 (citing Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020)).

"In the sentencing context, 'reasonableness is a protean concept.'" United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). Consequently, "[t]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes." Id. Our task, then, is to "determine whether the challenged sentence falls within that expansive universe." Díaz-Lugo, 963 F.3d at 157.

Under our case law, a sentence will be deemed substantively reasonable as long as the sentencing court proffers "a plausible sentencing rationale" and the sentence imposed comprises "a defensible result." Martin, 520 F.3d at 96. "This

standard is 'highly deferential' to the district court's judgment, even when that court has imposed a variant sentence." Fields, 858 F.3d at 33 (quoting Matos-de-Jesús, 856 F.3d at 180).

Here, the sentencing court stated that it was imposing a variant sentence because the appellant possessed three machine guns and over 200 rounds of ammunition. Just prior to pronouncing the variant sentence, the court expressed significant concerns with the type of firearm involved. It observed that "[s]hort of bombs, missiles, and biochemical agents, the Court c[ould] conceive of few weapons that are more dangerous than machine guns." Given the appellant's possession of what amounted to a small arsenal, the court determined that a lesser sentence would "not reflect the seriousness of the offense," "promote respect for the law," "protect the public from further crimes by [the appellant]," or adequately "address the issues of deterrence and punishment." This rationale was plausible.

So, too, the challenged sentence represents a defensible result. The offense of conviction was serious, and the court plainly wanted to send a message by imposing a term of immurement commensurate with the gravity of the crime. We have recognized in other cases that an upwardly variant sentence is an appropriate means of responding to a particularly serious crime. See, e.g., Bruno-Campos, 978 F.3d at 809; Díaz-Lugo, 963 F.3d at 158.

To be sure, the sentence is stiff.  Its length places it near the outer edge of the universe of reasonable sentences.  Withal, considerable deference is owed to a sentencing court's first-hand view as to the appropriate length of a sentence.  See United States v. King, 741 F.3d 305, 308 (1st Cir. 2014).  Employing this deferential standard of review, we cannot say that the length of the sentence imposed here is beyond the pale.  We conclude, therefore, that the sentencing outcome is a defensible one.

That ends this aspect of the matter.  Considering both the rationale and the result, we hold that the sentence is substantively reasonable.

**III**

We need go no further.  For the reasons elucidated above, the challenged sentence is

**Affirmed**.