# United States Court of Appeals
## For the First Circuit

No. 18-1360

UNITED STATES OF AMERICA,

Appellee,

v.

JOSHUA VALLE-COLÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Selya, and Kayatta,
Circuit Judges.

Raúl S. Mariani Franco on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Julia M. Meconiates, Assistant United States Attorney, on brief for appellee.

December 20, 2021

**SELYA**, **Circuit Judge**. Defendant-appellant Joshua Valle-Colón challenges his upwardly variant sentence for possessing a firearm in furtherance of a drug-trafficking crime. He asserts that the sentencing court erred in imposing a sentence over the applicable guideline sentencing range (GSR) — a sentence that he deems both procedurally flawed and substantively unreasonable. Concluding, as we do, that the appellant's arguments are futile, we affirm.

## I. BACKGROUND

We briefly rehearse the facts and travel of the case. Where, as here, "a sentencing appeal follows a guilty plea, we draw the facts 'from the change-of-plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the record of the disposition hearing.'" United States v. Miranda-Díaz, 942 F.3d 33, 37 (1st Cir. 2019) (quoting United States v. Dávila-González, 595 F.3d 42, 45 (1st Cir. 2010)).

On March 23, 2016, Puerto Rico police officers received confidential information that the appellant was in possession of two stolen motor vehicles and one or more firearms. The tip went on to recount that the appellant was also selling controlled substances. The police surveilled the appellant and later obtained a search warrant for his residence. During the search incident to the execution of the warrant, police officers found a plenitude of contraband, including the two stolen cars, two guns, ammunition,

- 2 -

various drugs, drug paraphernalia, and a substantial amount of cash. Upon custodial interrogation — after waiving his <u>Miranda</u> rights, <u>see</u> <u>Miranda</u> v. <u>Arizona</u>, 384 U.S. 436, 444 (1966) — the appellant admitted that all the contraband belonged to him and a friend.

On July 20, 2017, a federal grand jury sitting in the District of Puerto Rico returned a three-count superseding indictment, charging the appellant with two counts of possession of drugs with intent to distribute, <u>see</u> 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug-trafficking crime, <u>see</u> 18 U.S.C. § 924(c)(1)(A)(i). Although the appellant initially maintained his innocence, he eventually entered a straight guilty plea to all three counts. The district court accepted the plea and ordered the preparation of a PSI Report. When received, the PSI Report recommended a GSR of ten to sixteen months for the drug counts. The firearms count carried a mandatory minimum prison term of five years. <u>See</u> <u>id.</u> That mandatory minimum was the guideline sentence. <u>See</u> USSG §2K2.4(b).

At the disposition hearing, defense counsel pointed out that the appellant was young (age twenty-one at the time of his arrest) and "had a difficult childhood." Counsel went on to assert that the appellant was "very repentant" and should be treated as

a first-time offender.[1]  Summing up, counsel advocated for a seventy-month aggregate sentence:  sixty months for the gun-possession charge and ten months for the drug charges.  In his allocution, the appellant attempted to buttress his attorney's appraisal, telling the court that he was "very remorseful" and that he had "plans . . . to be a good man" and "to study."

The prosecutor viewed the matter differently.  She argued for an aggregate sentence of eighty-eight months:  an upwardly variant seventy-two-month sentence for the firearms count and a sixteen-month sentence for the drug counts.  The prosecutor pointed out (among other things) that the appellant was breaking the law both by living in public housing without authorization and by conducting illegal activities there; that he possessed two weapons, one of which was an assault rifle; and that he stored drugs in the bedroom where his pregnant common-law wife slept. The prosecutor also pointed to events that took place while the appellant was a juvenile and to conduct for which the appellant had not been convicted, suggesting that the appellant's criminal history category (I) underrepresented his past involvement with illegal activities and his likelihood of recidivism.

The district court — without objection — adopted the guideline calculations limned in the PSI Report.  It then mulled

---

[1] The PSI Report reflected — and the district court found — that the appellant's criminal history category was I.

the sentencing factors delineated in 18 U.S.C. § 3553(a).  The court then imposed an aggregate incarcerative sentence of eighty-eight months:  seventy-two months for the gun-possession charge and sixteen months for the drug charges.  The court stressed the appellant's possession of two guns, one a military-style assault rifle (discovered in a child's bedroom) and the other a Smith & Wesson pistol.

This timely appeal followed.

## II. ANALYSIS

In reviewing claims of sentencing error, we engage in a two-step pavane.  See Miranda-Díaz, 942 F.3d at 39; United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017).  The first step is to "examine any claims of procedural error."  United States v. Díaz-Lugo, 963 F.3d 145, 151 (1st Cir. 2020); see United States v. Bruno-Campos, 978 F.3d 801, 805 (1st Cir. 2020).  If no procedural error is found, the second step is to examine any challenge to the substantive reasonableness of the sentence.  See Matos-de-Jesús, 856 F.3d at 177; Bruno-Campos, 978 F.3d at 805.

The appellant advances a claim of procedural error and a claim of substantive unreasonableness.  We discuss these claims separately, mindful that they are addressed solely to the upwardly variant sentence on the firearms charge.

## A. **Claim of Procedural Error**.

The appellant contends that the sentencing court erred in imposing an upwardly variant sentence "without providing adequate justification for the increased punishment imposed." This contention, though, is raised for the first time on appeal.[2] Our review, therefore, is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001).

To establish plain error, an appellant must make "four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. As we explain below, the appellant fails to make even the first of these showings.

---

[2] To be sure, defense counsel stated — after the court had pronounced the sentence — that he wanted the record to reflect that "we object [to] the Government's sentence on procedural, as we stated before, and substantive grounds." For two reasons, this objection does not alter the standard of review. First, "[a] general objection to the procedural reasonableness of a sentence is not sufficient to preserve a specific challenge to any of the sentencing court's particularized findings." United States v. Soto-Soto, 855 F.3d 445, 448 n.1 (1st Cir. 2017). Second, the prior procedural objection to which defense counsel is referring is the argument that the government should not be allowed to rely on the appellant's illegal occupancy of public housing to increase his sentence. That narrow objection cannot be read as a challenge to the court's alleged lack of justification for the upward variance.

In assessing a sentencing court's explanation of an upwardly variant sentence, we must "ask whether the [sentencing] court reasonably explained the sentence in a manner that relies on factors not adequately accounted for in the GSR." Díaz-Lugo, 963 F.3d at 156. If the sentencing court gives weight to a factor previously accounted for in the guideline calculus to impose a variant sentence, it must indicate why that factor deserves additional weight. See United States v. Fields, 858 F.3d 24, 32 (1st Cir. 2017). But this is not a heavy burden: the sentencing court's explanation of an upward variance need not "be precise to the point of pedantry." United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir. 2014). And "[w]here the record permits a reviewing court to identify both a discrete aspect of an offender's conduct and a connection between that behavior and the aims of sentencing, the sentence is sufficiently explained to pass muster under [18 U.S.C. §] 3553(c)." United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010).

In the case at hand, the sentencing court concluded that an upwardly variant sentence "reflects the seriousness of the offense, promotes respect for the law, protects the public from further crimes by [the appellant], and addresses the issues of deterrence and punishment." The court also concluded that, in varying upward, it could take into consideration that "there [were] two weapons, one of which [was] an assault weapon." So, too, the

court gave weight to the fact that this lethal weapon was found in the bedroom of the appellant's two-year-old child. As there is a close fit between these aspects of the appellant's conduct — possession of multiple guns, possession of a military-style assault rifle, and storage of that rifle in an inappropriate place — and the seriousness of the offense, the upwardly variant sentence is adequately explained.

In an effort to blunt the force of this reasoning, the appellant proffers a related argument. He suggests that the district court's explanation was deficient because the court double-counted sentencing factors in order to justify the upward variance. This argument, too, lacks force.

As a general matter, a sentencing court may not double-count factors in justifying an upwardly variant sentence. See, e.g., United States v. Rivera-Berríos, 968 F.3d 130, 136-37 (1st Cir. 2020). We repeatedly have held, however, "that a sentencing court may rely on a factor that is already included in the calculation of the GSR to impose an upward . . . variance as long as the court 'articulate[s] specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation.'" Bruno-Campos, 978 F.3d at 806 (alteration in original) (quoting United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006)). That is precisely

the situation here:  the guidelines do not fully account for any of the aggravating factors on which the district court relied.

The applicable guideline — like the statute of conviction itself, see 18 U.S.C. § 924(c)(1)(A) — requires the possession of only a single firearm in connection with a drug-trafficking crime.  See USSG §2K2.4(b).  Here — as the sentencing court noted — the appellant possessed two guns.  When a sentencing guideline only accounts for one gun, the presence of multiple guns is a valid basis upon which to predicate an upward variance.  See, e.g., Bruno-Campos, 978 F.3d at 806; Díaz-Lugo, 963 F.3d at 155. In addition, neither the fact that one of the guns was a military-style assault weapon nor the fact that the appellant was storing that rifle in his minor child's bedroom was in any way accounted for in constructing the GSR.

That ends this aspect of the matter.  There was no procedural error, plain or otherwise.[3]

---

[3] The appellant's brief suggests that the sentencing court erred by relying inappropriately on two prior arrests in considering the section 3553(a) factors.  See generally Díaz-Lugo, 963 F.3d at 153 (explaining that "a sentencing court [may not]rely on an arrest record as evidence of a defendant's conduct in the absence of some reliable indication that the underlying conduct actually occurred").  Because that suggestion is unaccompanied by any developed argumentation, we deem it waived.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

### B. **Claim of Substantive Unreasonableness**.

This brings us to the appellant's claim of substantive unreasonableness. The claim is preserved, see Holguin-Hernandez v. United States, 140 S. Ct. 762, 766-67 (2020), and we review it for abuse of discretion, see Bruno-Campos, 978 F.3d at 808.

"In the sentencing context, 'reasonableness is a protean concept.'" United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011) (quoting United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008)). In any given case, "there is not a single reasonable sentence but, rather, a range of reasonable sentences." Martin, 520 F.3d at 92; see Clogston, 662 F.3d at 592. Our role is "to determine whether the sentence falls within this broad universe." United States v. Rivera-Morales, 961 F.3d 1, 21 (1st Cir. 2020); see Martin, 520 F.3d at 92. In making this determination, "we cannot substitute our judgment of the appropriate sentence for that of the sentencing court; to the contrary, we must accord significant deference to the court's informed determination that the section 3553(a) factors justify the sentence imposed." Rivera-Morales, 961 F.3d at 21.

When all is said and done, the distinguishing characteristics of a substantively reasonable sentence are "a plausible rationale" and "a defensible result." Id.; see United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015). We have employed these characteristics in probing a broad spectrum of

sentences, including upwardly variant sentences. See, e.g., Bruno-Campos, 978 F.3d at 809-10; Rivera-Morales, 961 F.3d at 21-22. When we employ them here, there is an obvious overlap with what we already have said: an adequate explanation for an upward variance and a plausible rationale for that variance are almost always two sides of the same coin. See Vargas-García, 794 F.3d at 167 (discussing similarity).

Because that is the case here, we shall be brief. As said, the sentencing court based the upwardly variant sentence mainly on three factors: the appellant's possession of two guns, the fact that one of those guns was a military-style assault rifle, and the storage of the assault rifle in the bedroom of the appellant's minor child. See supra Part II(A). According these facts due weight, the court's rationale was plausible.

To cinch the matter, we conclude that the sentence heralded a defensible result. The upward variance was twelve months over the top of the GSR — and we have approved steeper variances where a defendant, charged with a similar offense, possessed more than one firearm. See, e.g., Díaz-Lugo, 963 F.3d at 157-58 (affirming twenty-three-month upward variance). Moreover, the situation here was exacerbated because the guideline calculation also did not account for the important fact that the appellant possessed a military-style assault rifle. Cf. United States v. Gallardo-Ortiz, 666 F.3d 808, 816, 818 (1st Cir. 2012)

- 11 -

(affirming nineteen-month upward variance based partially on possession of an automatic weapon).  Finally, the appellant's situation was further exacerbated because he threw safety concerns to the wind and endangered his two-year-old child.

In federal criminal sentencing, as in life, much depends on context.  When viewed in the real-world context of the appellant's actions, the length of the challenged sentence is readily defensible.  Coupling that fact with the presence of a plausible sentencing rationale, we find the sentence to be substantively reasonable.

## III.  CONCLUSION

We need go no further.  For the reasons elucidated above, the challenged sentence is


**Affirmed**.