# United States Court of Appeals
## For the First Circuit

No. 21-1215

UNITED STATES OF AMERICA,

Appellee,

v.

HÉCTOR ANDÚJAR-COLÓN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Lynch, Thompson, and Gelpí,
Circuit Judges.

German A. Rieckehoff for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Maarja T. Luhtaru, Assistant United States Attorney, for appellee.

August 5, 2022

**LYNCH**, **Circuit Judge**.  Héctor Andújar-Colón entered a straight guilty plea on three counts of engaging in the business of dealing a firearm without a license.  See 18 U.S.C. §§ 922(a)(1)(A), 923(a)(1)(D), 924(a)(1)(D), and 2.  The district court sentenced Andújar-Colón to 60 months' imprisonment, the statutory maximum.

Andújar-Colón challenges this sentence on procedural and substantive grounds.  Procedurally, he contends for the first time on appeal that the district court erred in (1) not considering Section 3553(a) factors related to the "history and characteristics" of the defendant, 18 U.S.C. § 3553(a), and (2) mistaking the statutory maximum for a mandatory minimum sentence.  Substantively, he objects to the length of the sentence.

We affirm.

I.

The following facts, taken from the presentence report (PSR) and Appellant's brief, are not in dispute.  Andújar-Colón admitted to engaging in the business of illegally dealing firearms on three separate occasions in Puerto Rico and Florida over more than a year.  In April 2017, Andújar-Colón, through an accomplice, sold a Glock pistol, model 17, 9 mm caliber, and a Rock River armed rifle, model LAR-15, 5.56 mm caliber, to an undercover agent from the Puerto Rico Police Bureau for $1,600 and $2,600, respectively.  In May 2018, Andújar-Colón, through an accomplice, sold a Glock

pistol, model 22, .40 caliber, and a Smith and Wesson pistol, model SD40VE, .40 caliber, to an undercover Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agent in Florida for $1,400 each. Less than a month later, Andújar-Colón, through an accomplice, sold an AR style rifle, .223 caliber, for $2,500 to the same ATF agent.

In 2012, Andújar-Colón pled guilty in Philadelphia, Pennsylvania, to the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(a)(30).

The PSR recommended a Total Offense Level of 25. It calculated a Criminal History Category of II based on Andújar-Colón's prior conviction. The guidelines sentencing range (GSR) was 63 to 78 months of imprisonment. Andújar-Colón's guidelines sentence was 60 months, in line with the statutory maximum.

Andújar-Colón's sentencing memorandum did not dispute any aspect of the PSR; rather, it argued substantively that imprisonment of 27 months would accomplish the overarching goals of sentencing. Andújar-Colón's memorandum highlighted that he had been on pretrial release since April 2019 without incident, during which time he had been working and volunteering; he "ha[d] the support of his family and his community"; his guidelines base offense level was enhanced due to a prior conviction based on

"events that transpired over a decade ago . . . for which he served less than 4 months in prison"; "[h]e has no addictions to drugs or alcohol and no history of violence"; and he is a father of five. The statutory maximum should "be left for those offenders with a history of violent behavior and higher criminal history and rates of recidivism."

The government did not file a sentencing memorandum.

At the sentencing hearing on February 17, 2021, Andújar-Colón reiterated his request for a 27-month sentence. The government requested a 60-month sentence, citing the defendant's

> access to many firearms, the access to different kinds of firearms, the access to these firearms from either inside Puerto Rico or in the continental U.S. in Florida, the amount of money that he sold these firearms for, meaning the profit that he got from these firearms, and the amount of time that he engaged in this business.

The district court accepted the PSR's guidelines calculations and the GSR. It noted that the guidelines range was 63 to 78 months but, because of a statutory maximum penalty of five years, the guidelines term of imprisonment for Andújar-Colón's offense was 60 months. The district court then imposed a 60-month sentence. Andújar-Colón, through counsel, raised an objection to the "extent" of the district court's sentence but "[n]ot to the procedural [sic]."

Andújar-Colón, through counsel, appealed this sentence. Later, he separately filed pro se a motion for reconsideration of his sentence, which the district court denied while his appeal remained pending.

## II.

"Preserved claims of procedural and substantive sentencing error are reviewed under an abuse of discretion standard." United States v. Viloria-Sepulveda, 921 F.3d 5, 8 (1st Cir. 2019) (citing Gall v. United States, 552 U.S. 38, 56 (2007) and United States v. Soto-Soto, 855 F.3d 445, 448 (1st Cir. 2017)). Andújar-Colón's claim of substantive error, made in the district court, is undoubtedly preserved, and is reviewed under that standard.

Andújar-Colón did not preserve his procedural objections, which are reviewed for plain error. See id.; see also United States v. Matos-de-Jesús, 856 F.3d 174, 177-78 (1st Cir. 2017). "Under the plain error standard, the appellant must show '(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" Soto-Soto, 855 F.3d at 448 (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).

III.

We find no error, let alone plain error, as to the procedural objections. As to the claim of substantive error, there is certainly no abuse of discretion in the length of the sentence imposed.

We turn first to Andújar-Colón's procedural challenges. A sentencing court "has broad discretion in weighing and balancing the [Section] 3553(a) factors" to determine an appropriate sentence. Viloria-Sepulveda, 921 F.3d at 11 n.2; see also United States v. Gierbolini-Rivera, 900 F.3d 7, 15 (1st Cir. 2018).

Section 3553(a) permits the district court to broadly consider "any reliable information relevant not only to the 'history and characteristics' of the defendant but also to factors such as the 'seriousness of the offense,' the need 'to afford adequate deterrence to criminal conduct,' and the need 'to protect the public from further crimes of the defendant.'" Viloria-Sepulveda, 921 F.3d at 9 (quoting 18 U.S.C. § 3553(a)).

Andújar-Colón contends that the district court failed to consider Section 3553(a) factors related to the "history and characteristics of the defendant." Further, he argues that the court "misunderst[ood]" the statutory maximum as a "compulsory sentence." At the same time, Andújar-Colón acknowledges that the court "offered a detailed explanation and some weighty reasons for

its sentence, and it even mentioned in passing that it had considered documents submitted by the defense."

The record shows that the district court properly considered Section 3553(a) factors in sentencing Andújar-Colón to 60 months' imprisonment. The district court "noted" Andújar-Colón's sentencing memorandum and recounted that the memorandum "discusse[d] factors that are positive for [Andújar-Colón] . . . volunteer work that [he has] done, family factors." Moreover, the district court reviewed the PSR, listened as Andújar-Colón expressed repentance and apologized, and cited Section 3553 factors. The district court stated the following: Andújar-Colón is 37 years old, resides in Florida, has five minor dependents, graduated from high school in 2002, completed two years toward a bachelor's degree in physical education, and completed studies as a barber in 2020 and has been employed as such in Florida. Andújar-Colón reported having stopped using drugs around fourteen years prior to his arrest and he tested negative for drug use at the time of arrest. This was Andújar-Colón's second known arrest and conviction.

The district court did not "misunderstand[]" the 60-month statutory maximum as a mandatory minimum sentence. Andújar-Colón mistakenly bases this argument on the district court order denying Andújar-Colón's pro se motion for reconsideration, which stated that the "Court . . . had to adhere to the statutory

- 7 -

maximum of 60 months imprisonment" (emphasis added). The district court understood itself obligated not to exceed the statutory maximum of 60 months in its guideline sentence, even though this 60-month maximum fell below the GSR. The court's statement was an obvious reference to that fact. Andújar-Colón further relies on the government "momentarily misstating that the 60-month term was mandatory" during the sentencing hearing. But the government quickly corrected this mistake on the record.

Finally, the 60-month sentence is substantively reasonable for the district court's stated reasons. Andújar-Colón's guidelines sentence falls well within the "universe of reasonable sentences." United States v. Rivera-González, 776 F.3d 45, 52 (1st Cir. 2015) (citing United States v. Walker, 665 F.3d 212, 234 (1st Cir. 2011)).[1]

---

[1] Though Andújar-Colón did not challenge the district court's subsequent denial of his pro se motion for reconsideration, the government has briefed the issue in an abundance of caution. The government correctly notes that we do not have jurisdiction to consider the district court's denial. Such "self-styled 'motions for reconsideration of sentence'" are "unmoored in the [Federal Rules of Criminal Procedure]." United States v. Gonzalez-Rodriguez, 777 F.3d 37, 38 (1st Cir. 2015). As this court has emphasized on multiple occasions, "[t]here is simply no such thing as a 'motion to reconsider' an otherwise final sentence." Id. at 41 (alteration in original) (citing United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014)). Rather, a "criminal defendant who requests from the district court a correction or reduction of a sentence after judgment is entered must proceed within the confines of Fed. R. Crim. P. 35(a), unless there is some statutory basis for the requested relief." Id. (citations omitted). Rule 35(a) permits a district court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days

IV.

Affirmed.

---

of pronouncement of a sentence. It is doubtful that Andújar-Colón's motion fits under Rule 35(a). Even if it did, this motion is without merit because it rests on a mischaracterization of what the district court stated. The district court never stated that it was required to impose a 60-month mandatory minimum, only that under the guidelines sentence it did impose, it could not sentence Andújar-Colón to more than 60 months in prison.